1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URISTA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No.: 20-cv-01689-H-AHG<br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**<br><br>[Doc. No. 8.] |

On August 29, 2020, Plaintiff Jose Urista ("Plaintiff") filed a class action complaint against Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. ("Defendants"), alleging various claims related to Defendants' mortgage servicing operations. (Doc. No. 1.) On November 3, 2020, Defendants filed a motion to transfer this action to the U.S. District Court for the Western District of Virginia. (Doc. No. 8.) On November 30, 2020, Plaintiff filed a response in opposition to the motion to transfer. (Doc. No. 12.) On December 7, 2020, Defendants filed a reply. (Doc. No. 13.) For the following reasons, the Court denies Defendants' motion to transfer.

**Background**[1]

Plaintiff's primary residence is located in El Cajon, California. (Doc. No. 1 ¶ 125.) According to Plaintiff, this home is secured by a mortgage serviced by Defendant Wells Fargo Bank, N.A., a national banking association headquartered in South Dakota. (Id. ¶¶ 32-34.) Wells Fargo Bank, N.A. is a subsidiary of Defendant Wells Fargo & Co., a corporation incorporated in Delaware and headquartered in San Francisco, California. (Id. ¶¶ 27-30.)

"On March 25, 2020, in response to the economic damage beginning to be felt by Americans throughout the country, the United States Senate passed the Coronavirus Aid, Relief and Economic Security ("CARES") Act." (Id. ¶ 44.) In relevant part, the CARES Act provided certain homeowners "experiencing financial hardships because of COVID-19 with the option to request up to 180 days of forbearance on their mortgage." (Id. ¶ 49.) As Plaintiff contends, Defendants are financially incentivized to place the mortgage loan accounts that they service into forbearance. (See id. ¶¶ 89-96.)

Plaintiff alleges that Defendants placed his mortgage loan account into this forbearance program without his consent. (See id. ¶¶ 127-31.) Plaintiff suggests that his account was placed into forbearance because his "spouse clicked on an informational link on Wells Fargo's website which offered only to 'provide more information' about possible forbearance options." (Id. ¶ 127.) As Plaintiff explains, he "never made any request whatsoever in writing, orally, or via any other means to put his mortgage into forbearance." (Id. ¶ 129.) To support the notion that Defendants unilaterally placed his mortgage account into forbearance, Plaintiff cites to several authorities in his complaint claiming that Defendants have engaged in similar conduct. (See id. ¶¶ 102-23).

Plaintiff alleges that he was harmed by Defendants' placement of his mortgage loan account into a forbearance program because it negatively impacted his creditworthiness, made him unable to refinance his home, and caused a "loss of the interest on the payments

---

[1] The following allegations are taken from Plaintiff's complaint.

1 he has been timely making." (Id. ¶ 131.) Consequently, Plaintiff filed a complaint against
2 Defendants on August 29, 2020. Plaintiff brings three claims against Defendants arising
3 under California law on his own behalf and on behalf of a putative California class. (Id.
4 ¶¶ 142-89.) Plaintiff also brings claims for injunctive relief and unjust enrichment against
5 Defendants on his own behalf and on behalf of a putative nationwide class. (Id. ¶¶ 190-
6 204.) By the present motion, Defendants move to transfer this case to the U.S. District
7 Court for the Western District of Virginia under the first-to-file rule. (Doc. No. 8.)

## Discussion

9 Defendants contend that this case is substantially similar to two cases currently
10 pending in the Western District of Virginia (the "VA cases"), each of which, as Defendants
11 explain, were filed before the instant action. (Doc. No. 8 at 2-10.) Thus, Defendants assert,
12 the first-to-file rule counsels in favor of deference to the VA cases. (See id. at 10.)
13 Accordingly, Defendants request the Court to transfer this case to the U.S. District Court
14 for the Western District of Virginia. (Id.)

15 "Generally, under the first-to-file rule, when cases involving the same parties and
16 issues are filed in two different districts, the court with the later-filed action has discretion
17 to transfer . . . the second case in the interest of efficiency and judicial economy."
18 Multimedia Patent Tr. v. Tandberg, Inc., No. 09-CV-1377 H (CAB), 2009 WL 3805302,
19 at *1 (S.D. Cal. Nov. 12, 2009) (citing Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765,
20 769 (9th Cir. 1997)); see also Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.,
21 787 F.3d 1237, 1239 (9th Cir. 2015). To determine if the first-to-file rule applies, courts
22 analyze three factors: (1) the "chronology of the lawsuits," (2) the "similarity of the
23 parties," and (3) the "similarity of the issues." Kohn Law Grp., 787 F.3d at 1239.

24 At its core, the first-to-file rule is aimed "to avoid duplicative litigation, and to
25 promote judicial efficiency." Multimedia Patent Tr., 2009 WL 3805302, at *1. It is a
26 "judge-made doctrine," In re Bozic, 888 F.3d 1048, 1054 (9th Cir. 2018), and should be
27 applied by district courts with "an ample degree of discretion," Alltrade, Inc. v. Uniweld
28 Prod., Inc., 946 F.2d 622, 627–28 (9th Cir. 1991) (quoting Kerotest Mfg. Co. v. C-O-Two

Fire Equip. Co., 342 U.S. 180, 183-84 (1952)). Accordingly, "district court judges can, in the exercise of their discretion, dispense with the [rule] for reasons of equity." Id.

For example, a district court can decline to apply the first-to-file rule if "the balance of convenience weighs in favor of the later-filed action." Callaway Golf Co. v. Corp. Trade Inc., No. 09CV384 L(POR), 2010 WL 743829, at *3 (S.D. Cal. Mar. 1, 2010). Accordingly, courts look to the convenience factors under 28 U.S.C. § 1404(a) to determine if an exception to the first-to-file rule is warranted. Section 1404(a) provides district courts the discretion to determine whether transfer is warranted, depending on the facts of each case. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).[2] As such, multiple factors should be considered when making this determination. Id. The Ninth Circuit has outlined several examples, including the following:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Id. at 498-99.

Here, the first-to-file rule does not counsel in favor of transfer, even assuming for the sake of argument that Defendants could make a strong showing under each of the aforementioned first-to-file rule factors. See Alltrade, 946 F.2d at 627 (explaining that the first-to-file rule should not be applied mechanically and can be dispensed with for equitable reasons); see also Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010) ("In applying the first to file rule, 'courts are not bound by technicalities.'" (citation omitted)). This Court already has a related case pending before it that it cannot transfer to the Western District of Virginia, Healy v. Wells Fargo Bank, N.A., No. 20-CV-01838-H-

---

[2] Section 1404(a), provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

AHG, 2020 WL 7074939 (S.D. Cal. Dec. 3, 2020).[3] Thus, transferring this case to the Western District of Virginia would neither eliminate the need for duplicative litigation nor the risk of inconsistent judgments; these issues are inevitable. As such, transferring this case pursuant to the first-to-file rule is not warranted because transfer would only shift the burden of adjudicating this case from this district to the Western District of Virginia.[4]

Further, the relevant § 1404(a) factors also weigh in favor of keeping this case in this district. Plaintiff chose to litigate in this forum, where he resides, and where his encumbered property is located. (Doc. No. 1 ¶¶ 32-34, 125.) And even though this is a class action, his choice is entitled to deference because "there is no evidence that [Plaintiff] engaged in forum shopping and both [Plaintiff] and [Defendants] have significant contacts with the [forum]," including those that gave rise to this action. See Roling v. E*Trade Sec., LLC, 756 F. Supp. 2d 1179, 1186 (N.D. Cal. 2010); see also In re Ferrero Litig., 768 F. Supp. 2d 1074, 1079 (S.D. Cal. 2011) (holding choice of forum factor weighed against transfer for class action plaintiff because there was no evidence of forum shopping and the

---

[3] As in this case, the plaintiff in Healy owned a home in California secured by a mortgage that was serviced by the defendant, Wells Fargo Bank, N.A. Id. at *1. The plaintiff likewise alleged that Wells Fargo unilaterally placed his mortgage loan account into forbearance without his consent. Id. He brought a single cause of action under California law against Wells Fargo in the U.S. District Court for the Southern District of California, seeking to represent a class of similarly situated California claimants. Id. As here, Wells Fargo moved to transfer that action to the Western District of Virginia based on a first-to-file theory. Id. The Court denied the motion to transfer because the case could not have originally been brought in that district within the meaning of § 1404, cabining the Court's authority to transfer the action in the first place. Id. at *3-4. The Court reasoned that neither venue nor personal jurisdiction would have been proper in the Western District of Virginia because, "had [Wells Fargo] never operated or acted in the Western District of Virginia, [the plaintiff's] alleged California claims would have arisen nonetheless"; after all, the plaintiff was allegedly injured by Wells Fargo in California and he did not otherwise allege that Wells Fargo had any jurisdictional contacts with the Western District of Virginia that gave rise his claims. Id. at *3 & n.3.

[4] If, for some reason, the Healy case were to be resolved before substantial proceedings are undertaken in this matter, this Order will be without prejudice to Defendants re-moving to transfer in a subsequent motion. That being said, it is currently unclear to the Court whether Plaintiff could have originally filed this action in the Western District of Virginia after the Supreme Court's recent holding in Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773 (2017). The Court need not reach this issue because it ultimately decides that the first-to-file rule does not apply.

case arose from the defendant's contacts with that district).  Additionally, Defendants contentions that the "crux" of this case does not lie in California, (Doc. No. 8-1 at 15), are not persuasive.  This case involves predominately California class claims,[5] which arise out of Defendants' mortgage servicing operations relating to real property located in California.  Further, this case primarily deals with California law, with which this Court is likely to be more familiar.  See Ferrero Litig., 768 F. Supp. 2d at 1081 (citing Getz v. Boeing Co., 547 F.Supp.2d 1080, 1085 (N.D. Cal. 2008)).  In fact, the present case is more similar to the Healy case currently pending before this Court, dealing only with California law, than it is with the VA cases, which involve bankruptcy law and various claims arising under the laws of the United States, Virginia, Florida, and Texas, (see Dos. No. 8-1 at 1-2 (describing the claims asserted in the VA cases)), increasing the likelihood that judicial resources will be conserved by keeping this case and the Healy case together.  Accordingly, the Court, in its discretion, denies Defendants' motion to transfer this action.[6]

## Conclusion

For the foregoing reasons, the Court denies Defendants' motion to transfer action to the U.S. District Court for the Western District of Virginia without prejudice.

**IT IS SO ORDERED.**

DATED: December 16, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[5] The Court questions whether certification of a nationwide class would be proper in this case in the first place.  The Court, however, need not resolve this issue at this time.
[6] Accordingly, because the Court did not rely on the exhibits that Plaintiff requests the Court take judicial notice of, (Doc. No. 12-2), it need not rule on the whether judicial notice is proper at this time.