UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE URISTA, on behalf of himself and all others similarly situated,<br><br>                                Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A.,<br><br>                                Defendants. | Case No.: 20-cv-01689-H-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER**<br><br>[Doc. No. 49.] |

On August 29, 2020, Plaintiff Jose Urista ("Plaintiff") filed a class action complaint against Defendants Wells Fargo & Company ("WF & Co.") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "Defendants") alleging various claims related to Defendants' mortgage servicing operations. (Doc. No. 1, "Compl.") On November 3, 2020, Defendants filed a motion to transfer this action to the U.S. District Court for the Western District of Virginia. (Doc. No. 8.) The Court denied Defendants' motion to transfer on December 16, 2020. (Doc. No. 15.) Shortly thereafter, Plaintiff moved to transfer venue to the U.S. District Court for the Northern District of California. (Doc. No. 19.) At the parties' request, the Court's review of this motion was postponed, and the motion was withdrawn. (Doc. No. 44.) The motion was eventually refiled on September 14, 2021. (Doc. No. 49.) Defendant filed its opposition to the motion on October 18, 2021.

1

(Doc. No. 53.) Plaintiff filed his reply in support of its motion on October 25, 2021. (Doc. No. 54.) The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines that the motion is fit for resolution without oral argument and submits the motion on the parties' papers. For the following reasons, the Court grants Plaintiff's motion to transfer.

### Background[1]

Plaintiff's primary residence is in El Cajon, California. (Doc. No. 1 ¶ 125.) According to Plaintiff, this home is secured by a mortgage serviced by Defendant Wells Fargo, a national banking association headquartered in South Dakota. (Id. ¶¶ 32-34.) Wells Fargo is a subsidiary of Defendant WF & Co., a corporation incorporated in Delaware and headquartered in San Francisco, California. (Id. ¶¶ 27-30.)

"On March 25, 2020, in response to the economic damage beginning to be felt by Americans throughout the country, the United States Senate passed the Coronavirus Aid, Relief and Economic Security ("CARES") Act." (Id. ¶ 44.) In relevant part, the CARES Act provided certain homeowners "experiencing financial hardships because of COVID-19 with the option to request up to 180 days of forbearance on their mortgage." (Id. ¶ 49.) As Plaintiff contends, Defendants are financially incentivized to place the mortgage loan accounts that they service into forbearance. (See id. ¶¶ 89-96.)

Plaintiff alleges that Defendants placed his mortgage loan account into this forbearance program without his consent. (See id. ¶¶ 127-31.) Plaintiff suggests that his account was placed into forbearance because his "spouse clicked on an informational link on Wells Fargo's website which offered only to 'provide more information' about possible forbearance options." (Id. ¶ 127.) As Plaintiff explains, he "never made any request whatsoever in writing, orally, or via any other means to put his mortgage into forbearance." (Id. ¶ 129.) To support the notion that Defendants unilaterally placed his mortgage account into forbearance, Plaintiff cites to several authorities in his complaint claiming that Defendants have engaged in similar conduct. (See id. ¶¶ 102-23).

---

[1] The following allegations are taken from Plaintiff's complaint.

1    Plaintiff alleges that he was harmed by Defendants' placement of his mortgage loan
2 account into a forbearance program because it negatively impacted his creditworthiness,
3 made him unable to refinance his home, and caused a "loss of the interest on the payments
4 he has been timely making." (Id. ¶ 131.) Consequently, Plaintiff filed a complaint against
5 Defendants on August 29, 2020. Plaintiff brings three claims against Defendants arising
6 under California law on his own behalf and on behalf of a putative California class. (Id.
7 ¶¶ 142-89.) Plaintiff also brings claims for injunctive relief and unjust enrichment against
8 Defendants on his own behalf and on behalf of a putative nationwide class. (Id. ¶¶ 190-
9 204.) By the present motion, Plaintiff moves to transfer this case to the U.S. District Court
10 for the Northern District of California. (Doc. No. 49.)

## Discussion

### I. Legal Standard

13    Plaintiff argues that the Court should transfer this action pursuant to 28 U.S.C. §
14 1404(a). (Id.) Section 1404(a) provides that "[f]or the convenience of parties and
15 witnesses, in the interest of justice, a district court may transfer any civil action to any other
16 district or division where it might have been brought or to any district or division to which
17 all parties have consented." 28 U.S.C. § 1404(a). "[T]he district court has discretion to
18 adjudicate motions for transfer according to an individualized, case-by-case consideration
19 of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.
20 2000) (internal quotations omitted).

21    First, the Court must determine whether this case could have been originally brought
22 in the Northern District of California. A transferee court must "(1) be able to exercise
23 personal jurisdiction over the defendants, (2) have subject matter jurisdiction over the
24 claim, and (3) be a proper forum." Albertson v. Monumental Life Ins. Co., 2009 WL
25 3870301, at *2 (N.D. Cal. 2009) (citing Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960)).
26 These requirements must be met irrespective of any potential waiver by the defendant.
27 Hoffman, 363 U.S. at 342-43 ("We do not think the § 1404(a) phrase 'where it might have
28 been brought' can be interpreted to mean . . . 'where it may now be rebrought, with

defendants' consent.'"). "The moving party bears the burden of showing that jurisdiction and proper venue would exist in the district to which a transfer is requested." Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc., 2003 WL 22387598, at *1 (N.D. Cal. 2003).

Second, the Court must weigh a variety of factors related to convenience and the interests of justice in order to determine whether transfer is appropriate. Jones, 211 F.3d at 498-99.

## II. Personal Jurisdiction

At issue is (1) whether the U.S. District Court for the Northern District of California could exercise personal jurisdiction over Wells Fargo in this case[2] and (2) whether the Northern District of California would be a proper venue. Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . ." 28 U.S.C. § 1391. Because Plaintiff alleges that Wells Fargo is a national banking association, (Doc. No. 1 ¶ 32), Wells Fargo will be "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Id. § 1391(c)(2).[3] In a state with multiple districts, a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." Id. § 1391(d). Thus, venue will be proper in the Northern District of California if the Court determines that Wells Fargo is subject to personal jurisdiction in that district.

Personal jurisdiction deals with a court's power to bind a party to its judgment. See

---

[2] Defendants do not appear to contest that WF & Co. is subject to personal jurisdiction in the Northern District of California. See Doc. No. 7 (Defendants admitting in their Answer to paragraph 27 of Plaintiff's Complaint, which states that "Defendant Wells Fargo & Company is a Delaware corporation headquartered in San Francisco, California.")

[3] The Court explained in an Order in a related case that Section 1391 applies to national banking associations. Healy v. Wells Fargo Bank, N.A., 3:20-cv-1838-H-AHG, Doc. No. 16 at 5 n. 2 (Dec. 3, 2020) (S.D. Cal.).

<u>Walden v. Fiore</u>, 571 U.S. 277, 283 (2014). "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." <u>Id.</u> A court may constitutionally exercise either general or specific personal jurisdiction over a party, or both. <u>Bristol-Myers Squibb Co. v. Superior Court of Cal.</u>, 137 S. Ct. 1773, 1779-80 (2017). "A court with general jurisdiction may hear <u>any</u> claim against that defendant, even if all the incidents underlying the claim occurred in a different State." <u>Id.</u> at 1780. However, "only a limited set of affiliations with a forum" will subject a defendant to general jurisdiction. <u>Daimler AG v. Bauman</u>, 571 U.S. 117, 137 (2014). This ordinarily requires that the defendant be "fairly regarded as at home" in the forum due to its residence in or its contacts with the forum state. <u>Id.</u> The "paradigm all-purpose forums" in which a corporate defendant may be regarded as "at home" are its place of incorporation and its principal place of business. <u>Id.</u>

    A.    <u>General Jurisdiction and National Banking Associations</u>

The parties disagree as to whether a national banking association should be treated differently than other corporations for purposes of general jurisdiction. Defendants argue that since Wells Fargo is a national banking association, it lacks a place of incorporation, and thus, its main office must be its principal place of business. (Doc. No. 53 at 13.) Consequently, Wells Fargo is only "at home" for general jurisdiction purposes in the location of its "main office"—in this case, South Dakota. In contrast, Plaintiff argues that a national banking association's principal place of business is not necessarily the location of its main office. (Doc. No. 54 at 4-8.) Plaintiff asserts that Wells Fargo's principal place of business is in the Northern District of California.

As an initial matter, the Court agrees that Wells Fargo does not have a place of incorporation. However, the Court does not view Wells Fargo's status as a national banking association to merit an exception from the Supreme Court's established framework for general jurisdiction.

First, the Court's analysis does not change because Wells Fargo has a "main office" rather than a "place of incorporation." A place of incorporation matters for personal

jurisdiction because it indicates where a corporation maintains sufficiently substantial, continuous, and systematic contacts to be considered "at home."  See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011); Daimler, 571 U.S. at 137-39.  The legal formality that makes it a "place of incorporation" rather than a "main office" is irrelevant for personal jurisdiction.  The Supreme Court uses a "place of incorporation" as a paradigm for general jurisdiction because it marks an "instance[] in which the continuous corporate operations within a state [are] so substantial and of such nature as to justify suit . . . on causes of action from dealings entirely distinct from those activities."  Daimler, 571 U.S. at 138 (citing Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 318 (1945) (emphasis omitted)).  A court may find that a national banking association maintains the equivalent level of contacts with its "main office" that a state-incorporated bank maintains with its place of incorporation.[4]  See Daimler, 571 U.S. at 137 ("Goodyear did not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business; it simply typed those places paradigm all-purpose forums.").

      Second, the Court disagrees with Defendants' view that a national banking association's main office must be its principal place of business.  Defendants' citations to Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), and Rouse v. Wachovia Mortg. FSB, 747 F.3d 707 (9th Cir. 2014), are unavailing.  Both cases concern a national banking association's citizenship for the purposes of showing subject-matter jurisdiction, not personal jurisdiction.  In Wachovia Bank, the Court held that, for diversity jurisdiction, a national banking association is not a citizen of every state in which it maintains a branch office.  Id. at 307.  The Court was concerned that the alternative scope of diversity jurisdiction would disfavor national banking association vis-à-vis their state-incorporated

---

[4] The Court does not reach the issue of whether Wells Fargo is "at home" in South Dakota.  The issue before the Court is whether Wells Fargo is subject to personal jurisdiction in the Northern District of California.

counterparts. See id. at 307, 317-19. The Court concluded that Congress did not intend this incongruous result. Id. In Rouse, the Ninth Circuit concluded that, for diversity jurisdiction, a national bank is only a citizen of the state in which its main office is located. 747 F.3d at 709. Thus, the Ninth Circuit found that Wells Fargo is a citizen of South Dakota pursuant to 28 U.S.C. § 1348. Id. Notably, the Ninth Circuit also observed that "Wells Fargo's main office is in South Dakota and its principal place of business is in California." Id.

Several of the district court opinions cited by the Defendants do not address whether a national banking association's main office is necessarily its principal place of business. See First Nat'l Bank of Pa. v. Transamerica Life Ins. Co., 2016 WL 520965, at *5-7 (W.D. Pa. 2016); Miller v. Native Link Constr., 2017 WL 3536175, at *21 (W.D. Pa. 2017). Other district court opinions touch on this issue, but do not wholly endorse Defendants' view. See Evan v. Diners Club Int'l Ltd., 2017 WL 4784667, at *2 (N.D. Ind. 2017) ("Here, Defendant is a national banking association, not a corporation. The analogous basis for general jurisdiction is presumably the state in which Defendant has its main office." (citing Wachovia Bank, 546 U.S. at 318.)); Gibbs v. Trans Union LLC, 2021 WL 2375898, at *2 (E.D. Pa. 2021) ("Wells Fargo is not incorporated in Pennsylvania; it is a National Banking Association, and a National Banking Association is only at home in the state where it is based . . . [n]or does it have its principal place of business in Pennsylvania."). Given that these opinions do not directly address the issue before the Court, the Court declines to attribute an implicit endorsement of Defendants' view to them. Defendants also cite the district court opinion in Haring v. Wells Fargo Bank N.A., 2018 WL 10471109 (N.D. Cal. 2018). This Court is faced with different allegations concerning Wells Fargo's citizenship. See id. at *4 n.5.[5] Given these differences, the Court does not consider the circumstances of Haring to be equivalent to the case before it.

---

[5] At one time, Plaintiff alleged that Wells Fargo is headquartered in South Dakota (Doc. No. 1 ¶ 32.) Plaintiff subsequently changed his view. (Doc. No. 54 at 3.)

Ultimately, the Court does not consider a national banking association's main office to necessarily be its principal place of business for general jurisdiction purposes. To hold otherwise would be in tension with Supreme Court precedent. The Supreme Court set forth the framework for evaluating a corporation's principal place of business in Hertz Corp. v. Friend, 559 U.S. 77 (2010).[6] Under Hertz, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Id. at 92-93. This place is often referred to by courts as the "nerve center" of the corporation. Id. at 93. "[I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ." Id. "A corporation's 'nerve center,' usually its main headquarters, is a single place. The public often (though not always) considers it the corporation's main place of business." Id. Defendants produce no authority that supports an exception to the Hertz framework for national banking associations.

An exception for national banking associations would be contrary to the Supreme Court's opinion in Wachovia Bank. A key principle underlying the Court's decision in Wachovia Bank is that national banking associations should not be treated differently than other corporate bodies for jurisdictional purposes. Wachovia Bank, 546 U.S. at 307 ("[w]ere we to hold . . . that a national bank is additionally a citizen of every State in which

---

[6] Although Hertz concerns subject-matter jurisdiction, the courts of this Circuit regularly apply Hertz to personal jurisdiction as well. See, e.g., Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1230 n.2 (9th Cir. 2011); King v. Bumble Trading, Inc., 2020 WL 663741, at *2 (N.D. Cal. 2020); Google Inc. v. Rockstar Consortium U.S. LP, 2014 WL 1571807, at *1 n.1 (N.D. Cal. 2014); WBS, Inc. v. Pearcy, 2016 WL 11507028, at *3 (C.D. Cal. 2016); Gallagher v. Roberts, 2017 WL 1365792, at *3 (S.D. Cal. 2017); Rosen v. Movie Times, Inc., 2021 WL 1338960, at *2 (N.D. Cal. 2021); Michael Grecco Productions, Inc. v. 8 Decimal Capital Mgmt., LLC, 2021 WL 2534567, at *3 (N.D. Cal. 2021); Serje v. Rappi, Inc., 2021 WL 2633536, at *5 (N.D. Cal. 2021); Live Face on Web, LLC v. Archevos Corp., 2018 WL 1035209, at *4 (S.D. Cal. 2018).

1  it has established a branch, the access of a federally chartered bank to a federal forum would
2  be drastically curtailed in comparison to the access afforded state banks and other state-
3  incorporated entities. Congress, we are satisfied, created no such anomaly."). Defendants'
4  position advantages national banking associations vis-à-vis state-incorporated banks with
5  regard to personal jurisdiction; this outcome is counter to Wachovia Bank.

      B.      Wells Fargo's Principal Place of Business

      The Court now turns to whether Wells Fargo maintains its principal place of business in the Northern District of California according to the framework set forth in Hertz.[7] "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." Hertz, 559 U.S. at 96-97. Plaintiff sets forth the following allegations in his moving papers and reply: (1) Wells Fargo's principal place of business is located in the Northern District of California (Doc. No. 54 at 3, 8) and (2) Wells Fargo stated in a filing before a federal district court in the Eastern District of Louisiana that "the Northern District of California [is] where Wells Fargo maintains its principal place of business" (Doc. No. 54 at 7-8). Plaintiff also cites to several cases in which courts have stated that Wells Fargo's principal place of business is in San Francisco or California. (Id. at 7.) These cases include the following: Rouse, 747 F.3d at 709 (Wells Fargo's "principal place of business is in California"); Grace v. Wells Fargo Bank, N.A., 926 F.

---

[7] The Court notes that both parties have taken contradictory positions on personal jurisdiction during this case. A fact that each party seeks to use to its advantage. (Doc. No. 53 at 14; Doc. No. 54 at 2.) Plaintiff first asserted that Wells Fargo is "headquartered in South Dakota" (Compl. ¶ 32), but later changed his view (Doc. No. 54 at 3). Wells Fargo once argued that "as a financial services company doing business in all 50 states, Wells Fargo has the required 'minimum contacts' with the Western District of Virginia to be subject to that Court's personal jurisdiction." (Doc. No. 8-1 at 16.) Wells Fargo now reverses course and argues that there is no basis for the Northern District of California to exercise personal jurisdiction over it, presumably despite its role as "a financial services company doing business in all 50 states." These shifting positions appear to be the result of changes in litigation strategy rather than changes in facts or law. Accordingly, the Court does not consider the parties' position changes to be meaningful to the Court's analysis.

Supp. 2d 1173, 1175 n.1 (S.D. Cal. 2013) (noting that "Wells Fargo does not contest that its principal place of business is in San Francisco . . ."); <u>Singer v. Wells Fargo Bank, N.A.</u>, 2012 WL 2847790, at *1 (C.D. Cal. 2012) ("[i]n other cases, Wells Fargo has conceded that its principal place of business is in California"); <u>Mount v. Wells Fargo Bank, N.A.</u>, 2008 WL 5046286, at *1 (C.D. Cal. 2008) ("Wells Fargo Bank, N.A. . . . has regularly described its principal place of business as San Francisco . . ."). Other courts in the Ninth Circuit have made similar observations. See, e.g., <u>Flores v. Wells Fargo Bank, N.A.</u>, 2012 WL 832546, at *1 (N.D. Cal. 2012) ("Wells Fargo's principal place of business . . . is California"); <u>Uriarte v. Wells Fargo Bank, N.A.</u>, 2011 WL 5295285, at *1 n. 2 (S.D. Cal. 2011) ("Wells Fargo does not contest that its principal place of business is in San Francisco . . .").

In this case, Defendants have maintained that Wells Fargo is headquartered in South Dakota. (Doc. No. 7 at 6 ¶ 32.) But Defendants' basis for this claim appears to rest solely on the location of Wells Fargo's "main office." (Doc. No. 53 at 13-15.) Defendants do not argue that South Dakota is home to the corporate activities that would constitute Wells Fargo's "nerve center," <u>i.e.</u>, the center of direction, control, and coordination.

Plaintiff's factual allegations are buttressed by contemporary opinions in which courts of this Circuit found that Wells Fargo's principal place of business is in San Francisco or in California. See <u>Rouse</u>, 747 F.3d at 709; <u>Mount</u>, 2008 WL 5046286, at *1; <u>Flores</u>, 2012 WL 832546, at *1. In response, Defendants argue that "Wells Fargo's decision to subject itself to the jurisdiction of a district in one case does not, and should not, factor into any analysis concerning whether it must subject itself to the jurisdiction of that same district in another case." (Doc. No. 53 at 16-17 n. 4.) But several of these courts stated affirmative conclusions about Wells Fargo's principal place of business. Their conclusions were not based on Wells Fargo's concession as to personal jurisdiction. Plaintiff sufficiently carries his burden to establish that Wells Fargo's principal place of business is in San Francisco. Thus, the Court concludes that Wells Fargo is subject to

general personal jurisdiction in the Northern District of California.[8]

### III.     Section 1404(a) Analysis

The Court now turns to whether a transfer would be "[f]or the convenience of parties and witnesses, in the interest of justice" pursuant to 28 U.S.C. § 1404(a).  A court "has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  Jones, 211 F.3d at 498 (internal quotations omitted).  A court must weigh multiple factors as part of its analysis.  Some of these factors include: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."  Jones, 211 F.3d at 498-99.[9]  The Court begins with a consideration of whether this case may be consolidated with other claims after transfer.  See, e.g., Echologics, LLC v. Orbis Intelligent Sys., Inc., 2021 WL 5203283, at *4 (S.D. Cal. 2021).

Plaintiff argues that several cases against Wells Fargo stemming from the same facts either are or will soon be in the Northern District of California.[10]  (Doc. No. 49 at 4-5, 11-

---

[8]     Since Wells Fargo is subject to the general jurisdiction of the Northern District of California, the Court does not reach the issue of whether Wells Fargo is also subject to specific jurisdiction in the Northern District of California in this case.

[9]     Neither party alleges the existence of a forum-selection clause related to this case.

[10]    One of these similar cases is also before this Court.  Healy v. Wells Fargo Bank, N.A., 3:20-cv-1838-H-AHG (S.D. Cal.).  Plaintiff in that matter also moved to transfer venue to the Northern District of California.  The Court is issuing an order in that case contemporaneous with this instant Order.

12.) Two of the cases[11] identified by Plaintiff were initially brought in the Northern District and later consolidated before the Hon. James Donato. A hearing on a motion to dismiss in the lead case is currently scheduled for March 24, 2022.[12] In another case, Forsburg v. Wells Fargo, 5:20-cv-46 (W.D. Va.),[13] plaintiffs are currently seeking transfer to the Northern District of California from the Western District of Virginia; that motion remains pending. The district court held oral argument on plaintiffs' motion to transfer and Wells Fargo's motion to dismiss on December 16, 2021.[14] A different case, Echard v. Wells Fargo Bank N.A., 2:21-cv-5080 (S.D. Ohio), began in the Western District of Washington and was then transferred to the Northern District of California.[15] The parties jointly sought and received a second transfer of venue—this time to the Southern District of Ohio.[16] After that transfer, plaintiffs from the California and Virginia actions (including the Plaintiff in this case) jointly moved to intervene and to transfer the Echard case back to the Northern District of California. Echard and Wells Fargo oppose this motion, which is pending before the district court in the Southern District of Ohio.

Regardless of whether the Echard and Forsburg cases are transferred to the Northern District of California, the Court concludes that it is feasible to consolidate the instant matter with the Delapapa case in the Northern District of California. The facts and law implicated in Delapapa align with those in this case. Plaintiffs in both cases seek to represent a class of individuals whose mortgages were purportedly placed into forbearance by Wells Fargo

---

[11]   Delapapa v. Wells Fargo, 3:20-cv-6009 (N.D. Cal.) (Donato, J.); Green v. Wells Fargo, 3:20-cv-5296 (N.D. Cal.) (Donato, J.).

[12]   Order, Doc. No. 115 (Dec. 14, 2021), Delapapa, 3:20-cv-6009.

[13]   Forsburg was previously consolidated with Harlow v. Wells Fargo, 7:20-mc-30 (W.D. Va.).

[14]   Minute Entry, Doc. No. 103 (Dec. 16, 2021), Forsburg, 5:20-cv-46.

[15]   Order, Doc. No. 34 (Sept. 7, 2021), Echard, 21-cv-5080.

[16]   Order, Doc. No. 55 (Oct. 14, 2021), Echard, 21-cv-5080.

under the borrower protection provisions of the CARES Act without their consent.[17] It is likely that there is a significant overlap in the discovery necessary for the litigation of these cases. The cases are in similar procedural stages so there is little risk that transfer will result in duplicated efforts by the parties. Accordingly, this factor weighs heavily in favor of transfer.

The other factors before the Court are either neutral (e.g., parties' respective contacts with each forum, litigation costs, and ease of access to sources of proof) or only slightly favor litigation in this district (i.e., contacts in this forum that relate to Plaintiff's cause of action). Transfer is convenient for the witnesses and the parties and in the interests of justice. It will be more convenient for all witnesses, including the party witnesses, for this case to be consolidated into one forum.[18] Consolidation reduces the likelihood that the witnesses will have to travel to different districts to testify on similar facts. Consolidation will also be more convenient for the parties and reduce the expenses involved in duplicative discovery and litigation. A transfer will ultimately benefit judicial economy by consolidating proceedings concerning the same facts and parties into the same district. As a result, the Court concludes that transfer is appropriate.

---

[17] See Compl. ¶¶ 16-49; Compl. ¶¶ 14-38, Doc. No. 1 (Aug. 26, 2020), Delapapa, 3:20-cv-6009.

[18] Plaintiff requests jurisdictional discovery to the extent the Court considers Defendants' evidence concerning the locations of party witnesses. Since the Court grants the motion for transfer, Plaintiff's request is moot.

## Conclusion

For the reasons set forth above, the Court grants Plaintiff's motion to transfer this action to the U.S. District Court for the Northern District of California. Accordingly, this action is transferred to the Northern District of California for all further proceedings. The Court vacates all pending dates set by this Court to permit the Northern District of California to set appropriate dates as it sees fit.

**IT IS SO ORDERED.**

DATED: January 11, 2022

                                        */s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT